IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOE DAVID SMOTHERS                                                    PLAINTIFF

                    v.                    Civil No. 6:08-cv-06024

CHRIS ROOT, Correctional Officer I,
Ouachita River Correctional Unit;
J. KING, Inmate, Ouachita River
Correctional Unit; DALE REED, Warden,
Ouachita River Correctional Unit; and the
ARKANSAS DEPARTMENT OF CORRECTION                                    DEFENDANTS


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983.  He proceeds *pro se*

and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the

Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for

the purpose of making a report and recommendation.

This case is before me for preservice screening under 28 U.S.C. § 1915A(a).  Under §

1915A(a), the Court is required to screen complaints seeking relief against a governmental entity or

officer or employee of a government entity.  The Court must dismiss a complaint or portion of a

complaint if the prisoner has raised claims that are legally frivolous or malicious, or that fail to state

claims upon which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

## Background

According to the allegations of the complaint, on or about December 21, 2007, Inmate J.

King went into the control booth with Officer Chris Root.  King is alleged to have gotten Root to

type a letter indicating it was from United States District Judge Susan Webber Wright of the Eastern District of Arkansas stating that she was granting Plaintiff relief on his life sentence. The letter was then allegedly placed in the mail basket in an envelope bearing the return address of the United States District Court for the Eastern District of Arkansas.

Plaintiff alleges he received the letter during mail call with a notation: "sorry opened by mistake." Plaintiff states he believed he was going to get back to his family after thirty-one years in prison and then he found out it was all a lie.

Plaintiff asserts that the envelope was one he had previously received something from the courts in. King apparently obtained the envelope from Plaintiff in some manner. Plaintiff maintains Root and King were attempting to trick him out of money. Plaintiff maintains he and his family were caused a great deal of distress over this ordeal.

Plaintiff asserts Warden Dale Reed told him Root would be fired over the incident but instead the computer the letter was "made up on" was taken. Plaintiff believes this is a cover up.

When Plaintiff spoke to Internal Affairs about the incident, they asked for a copy of the letter; However, Plaintiff indicated he had mailed it to Judge Wright and asked for a copy back. The following day, Plaintiff states he was transferred to Super Max at Varner. Plaintiff states he was then notified he had been accused of selling tobacco and "190 poof P.G.A." Plaintiff maintains this has nothing to do with the letter. When Judge Wright sent the letter back to him, Plaintiff asserts the unit confiscated it and that he has a form showing it was confiscated. Plaintiff did not submit this form to the court with his complaint.

As relief, Plaintiff asks for ten million dollars for mental anguish. He also asks that Root and King get prison time for writing a letter purporting to be from Judge Wright. Finally, he asks that

Warden Reed be punished in whatever manner the court deem fit for not reporting the case to outside law enforcement officials.

## Discussion

Two of Plaintiff's claims are subject to dismissal.  First, Plaintiff's claims against the Arkansas Department of Correction (ADC) are subject to dismissal.  The ADC is a state agency.  *See Fegans v. Norris*, 351 Ark. 200, 206, 89 S.W.3d 919 (2002).  The ADC is entitled to sovereign immunity.  *See e.g. Campbell v. Arkansas Department of Correction*, 155 F.3d 950, 962 (8th Cir. 1998).

Second, Plaintiff's claims for monetary damages for mental anguish are barred by the physical injury requirement of the Prison Litigation Reform Act (PLRA).  Codified as 42 U.S.C. § 1997e(e), section 803(d) of the PLRA, provides as follows:  "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  However, even in the absence of a physical injury, a plaintiff may recover nominal damages and seek declaratory and injunctive relief where appropriate.  *See Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004)(discussing § 1997e(e)'s limitation on damages and its application to all prisoner lawsuits).

## Conclusion

I therefore recommend that Plaintiff's claims against the Arkansas Department of Correction and his claims for monetary damages be dismissed on the grounds the claims asserted are frivolous, fail to state claims upon which relief can be granted, and/or the Defendant is immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such

grounds at any time).  By separate order I will direct service of the complaint on Chris Root, J. King, and Warden Dale Reed.

**Plaintiff has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of April 2008.

/s/ Barry A. Bryant
BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE